Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SUCN. JOSÉ RAFAEL NET FERNÁNDEZ<br><br>Demandante Recurrida<br><br><br>v.<br><br><br>SUCN. FÉLIX FONTANEZ OLMO Y OTROS<br><br>Demandadas Peticionarias | KLCE202400964 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: KAC2017-0370 Sala:908<br><br>Sobre: Deslinde y Amojonamiento |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2024.

En este caso comparecieron el señor Luis Alberto Rosario Rodríguez, la señora Iris Evelyn Rosario García, la señora Elsa Yvette Rosario García, la señora Yolanda Rosario García, el señor Luis Edgardo Rosario García, el señor Nelson David Rosario García y el señor Arnaldo Rosario García (conjuntamente "peticionarios") vía *certiorari* y solicitaron la revocación de la Resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 5 de septiembre de 2024. En dicho dictamen, el foro primario permitió a los codemandados presentar un perito agrimensor, sujeto a ciertos requisitos.

En síntesis, el caso de epígrafe trata de una acción de deslinde y amojonamiento contra los peticionarios, cual fue enmendada en dos ocasiones para incluir a los miembros de dos sucesiones

Número Identificador

RES2024 _____

codemandadas: (1) la Sucesión de Félix Fontánez Olmo, compuesta por la señora Elba Pastrana, la señora Minerva Fontánez Pastrana, la señora Sonia Fontánez Pastrana, la señora Yolanda Fontánez Pastrana y el señor Alfredo Cotto; y (2) los antes referidos peticionarios. También la demanda se enmendó para incluir los miembros de la parte demandante: la Sucesión José Rafael Net Fernández, compuesta por el señor José Rafael Net Longo, la señora Sheila Net Longo y la señora María Consuelo Longo (conjuntamente "recurridos").

Estos últimos solicitaron que los codemandados cesen y desistan de tomar cualquier acción que pueda alterar la servidumbre y el uso libre y disfrute de los recurridos de sus propiedades localizadas en Barrio Cupey y Barrio cupey Alto de Río Piedras. Asimismo, los recurridos alegan que los peticionarios han hecho movimientos que afectaron la demarcación de linderos de las referidas propiedades. Por tanto, los recurridos solicitaron que el foro primario ordenara la realización de la mensura y el deslinde de ambas propiedades.

Luego de varios trámites procesales, los peticionarios informaron, mediante interrogatorios, que utilizarían al perito Agrimensor Luis Sousa Gallardo (Agr. Sousa Gallardo), quien ya había presentado copia de su informe de mensura. Además, los peticionarios añadieron que consultaron a los peritos Ingeniero Héctor Alvarado Cartagena (Ing. Alvarado Cartagena) y Agrimensor José A. Rivera Melecio (Agr. Rivera Melecio), que podrían utilizar otros peritos y, de lo último ser así, notificarían de ello oportunamente. Mientras tanto, la Sucesión de Fontánez Olmo indicó mediante interrogatorio que utilizarían al perito Ing. Alvarado Cartagena. No obstante, mientras que el Ing. Alvarado Cartagena y el Agr. Rivera Melecio separadamente

prepararon un plano de mensura, el Agr. Sousa Gallardo meramente comparó los planos preparados por otros profesionales, entre los cuales se incluyen al Ing. Alvarado Cartagena, el Agr. Rivera Melecio y el Agrimensor Abiud Reyes Rivera (Agr. Reyes Rivera), este último perito de los recurridos. Más aun, el Agr. Sousa Gallardo solo incluyó un plano de mensura de *as-built* del predio del señor Rosario Rodríguez, es decir, del resultado final de la construcción hecha en dicho terreno.

Después de varios trámites procesales, para el 11 de septiembre de 2023, los codemandados informaron que no habían podido localizar al Ing. Alvarado Cartagena, por lo cual el Agr. Sousa Gallardo se estaría reuniendo en la propiedad en controversia con el perito de los recurridos, además que el Agr. Rivera Melecio ya no se consideraba perito. Durante estos procedimientos, los peticionarios no solicitaron autorización para nombrar a un perito sustituto.

No obstante—luego de los peritos restantes reunirse en los predios bajo controversia, el Agr. Reyes Rivera presentar su informe final y transcurrir las fechas acordadas por los abogados para cumplir con el descubrimiento de prueba—el 21 de marzo de 2024 los peticionarios solicitaron sustituir al Ing. Héctor Alvarado por el Agrimensor Benigno Rodríguez Burgos (Agr. Rodríguez Burgos), para que este último repitiera el ejercicio de mensura llevado a cabo por el Ing. Alvarado Cartagena y verificar los planos preparados por el Ing. Alvarado Cartagena y el Agr. Rivera Melecio. Luego de los recurridos presentar su oposición, la réplica de los peticionarios y otros trámites procesales, los peticionarios informaron que el Agr. Sousa Gallardo padecía de una condición de salud, por lo cual estaba incapacitado

continuar como perito, sin inicialmente indicar con quién sustituirían al referido perito. Luego de otra oposición de los recurridos de sustituir al Agr. Sousa Gallardo—y posteriores réplicas y reiteraciones—los peticionarios anunciaron que sustituirían al Agr. Sousa Gallardo con el Agrimensor Gilberto Rosario (Agr. Rosario).

Evaluadas todas las mociones presentadas, el foro primario declaró sin lugar a la solicitud de sustitución de perito por esta resultar tardía y carecer de justificación. Sin embargo, dicho Tribunal posteriormente emitió una *Resolución en reconsideración* en la cual este permitió que los peticionarios presentaran su perito, Agr. Rosario, sujeto a que (1) en el término de veinticuatro (24) horas de recibida dicha *Resolución en reconsideración* los abogados de los peticionarios deberían proveer el *Curriculum Vitae* del perito a la abogada de los recurridos; y (2) el testimonio del Agr. Rosario se circunscribiría al informe del Agr. Sousa Gallardo, es decir, no puede variar las conclusiones del referido Agr. Sousa Gallardo y tampoco podrá presentar un informe propio.

Insatisfechos, los peticionarios recurren ante este Tribunal y alegan que el foro primario erró y abusó de su discreción al denegar la sustitución de un perito que un facultativo médico certificó que estaba incapacitado neurológicamente para participar y declarar en el juicio, dejando a los peticionarios en estado de total indefensión. En respuesta, los recurridos argumentan que (1) el recurso de *certiorari* carece de los criterios que podrían mover la discreción de este Tribunal para expedirlo; (2) que el foro primario emitió una decisión que toma en cuenta los derechos de cada parte, así permitiendo que ambas partes no quedaran en un estado de indefensión; (3) por el descubrimiento de

prueba culminar y paralizarse el proceso judicial, el permitirle al perito sustituto realizar una mensura nueva y emitir su propio informe dilataría demasiado la solución final del presente litigio; y (4) acceder a la solicitud de la parte peticionaria constituiría una fracaso irremediable de la justicia.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. de Caguas v. JRO Construction et al.*, 201 DPR 703, 710 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden o resolución que deniegue una moción de carácter dispositivo, siempre y cuando este sea sobre la admisibilidad de testigos o peritos, anotaciones de rebeldía, casos que revistan interés público, o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, entre otros. Reglas 52.1 de Procedimiento Civil, *supra*. Además, la Regla 52.1—en concordancia con las Reglas 56 y 57—permite la revisión de órdenes de embargo o prohibiciones de enajenar, para hacer o desistir de hacer actos específicos, o de *injunctions*, entre otros. Reglas 52.1, 56.1 y 57.1 de Procedimiento Civil, *supra*.

De acuerdo con el Tribunal Supremo, la Regla 52.1 de Procedimiento Civil tiene como propósito evitar la revisión judicial de

aquellas órdenes o resoluciones que dilatarían innecesariamente el proceso y cuales pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019); *IG Builders Corp. v. Headquarters Corp. et al.*, 185 DPR 307 (2012). Incluso, nuestro ordenamiento jurídico desfavorece que las partes recurran al foro apelativo por determinaciones interlocutorias. Véase *Medina Nazario v. McNeil Healthcare,* 194 DPR 723 (2016) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico, Derecho Procesal Civil*, 5.ª ed., Pubs. LexisNexis de Puerto Rico, Inc., 2010, pág. 427). De denegar expedir un recurso de *certiorari*, el foro apelativo no tendrá la obligación de exponer las razones de su determinación. *IG Builders Corp. v. Headquarters Corp. et al.*, *supra* (citando a *Rivera Figueroa v. Joe's European Shop et al.*, 183 DPR 580 (2011)).

A esos efectos, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Regla 40 del Tribunal de Apelaciones, *supra*. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan et al. v. Centro Patología Avanzada et al.*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano et al. v. Wal-Mart*, 168 DPR 112 (2006); *Trinidad García et al. v. Chade et al.*, 153 DPR 280 (2001); *Rivera Durán et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean Int´l. News*, 151 DPR 649 (2000)); *Job*

*Connection Center v. Supermercados Econo*, 185 DPR 585 (2012) (citando a *Zorniak Air Servs. v. Cessna Aircraft Co., etc.*, 132 DPR 170 (1992); *Lluch et al. v. España Service Sta. et al.*, 117 DPR 729 (1986)).

Ahora bien, nuestro ordenamiento permite que el descubrimiento de prueba pericial se lleve a cabo de las siguientes maneras: (1) una parte podrá requerir a cualquier otra parte que ministre el nombre y la dirección de las personas peritas que haya consultado y que exprese la materia sobre la cual este testigo se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen dichas opiniones; (2) una parte podrá hacer uso de los métodos de descubrimiento en relación con los hechos conocidos u opiniones de una persona perita que ha sido contratada por otra parte con anterioridad al pleito o en preparación para el juicio, y el cual no habrá de testificar por circunstancias excepcionales e imprácticas; (3) el tribunal ordenará a la parte que solicita el descubrimiento que pague a la persona perita los honorarios razonables por el tiempo invertido durante dicho descubrimiento; y (4) el tribunal tendrá la facultad para citar testigos periciales ajenos a los de las partes. Regla 23.1 de Procedimiento Civil, *supra*. A esos efectos, y a menos que se demuestre justa causa, el foro primario no permitirá la presentación en el juicio de aquellos documentos, testigos o controversias no identificadas en el informe preparado por los abogados de las partes para la conferencia con antelación a juicio, y renunciará aquellas objeciones y defensas que no hayan sido especificadas en dicho informe. Regla 37.4 de Procedimiento Civil, *supra*.

De conformidad con lo anterior, el Tribunal Supremo dispone que el Tribunal de Primera Instancia tiene discreción a la hora de

determinar si acoge una solicitud de sustitución de perito, siempre y cuando el juez evalúa la existencia de una justa causa para tal sustitución y la temporalidad de la solicitud. *PV Properties v. Central Produce El Jibarito et al.*, 199 DPR 603 (2018). Dentro de dicha evaluación, el foro de primera instancia debe analizar si la petición se presenta como una técnica dilatoria o para obtener una ventaja inapropiada en el litigio y si incide en la preparación de la otra parte para efectuar un contrainterrogatorio adecuado. Íd. De presentarse dicha solicitud durante la etapa de la conferencia en antelación a juicio, el informe que de allí surja no constituye una eliminación de la discreción de los jueces para alterarlo en aras de evitar una patente injusticia. Íd. (citando a *Berríos Falcón et al. v. Torres Merced et al.*, 175 DPR 962 (2009)).

En el presente caso, no se advierte que el Tribunal de Primera Instancia haya abusado de su discreción al permitir y limitar la sustitución del perito de los peticionarios. El expediente demuestra que las partes tuvieron suficiente tiempo para preparar sus respectivos planos de mensura y ejercer adecuadamente el descubrimiento de prueba bajo la dirección distendida del Tribunal de Primera Instancia. En vista de ello, y mediante la autorización en controversia, el foro recurrido calibró y balanceó los intereses de ambas partes, se aseguró que ninguno quedara en estado de indefensión y procuró que el juicio se llevara a cabo después de un dilatado proceso judicial. En cualquier caso, la limitación del testimonio del perito sustituto que se dispone a quien afecta, en cualquier caso, por algún planteamiento de prueba de referencia u otro concerniente, sería a la parte contra quien se presenta;

sin embargo, el recurrido no ha levantado objeción alguna en ese sentido.

Por tanto, en consideración de los hechos presentados, a la luz del derecho pertinente, la comparecencia del Agr. Rosario bajo los términos dispuestos por el foro primario no supone un exceso discrecional, ni una actuación parcial o manifiestamente errónea. Por ello, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Pérez emite voto disidente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| SUCN. JOSÉ RAFAEL NET FERNÁNDEZ<br><br>Demandante Recurrida<br><br>v.<br><br>SUCN. FÉLIX FONTANEZ OLMO Y OTROS<br><br>Demandadas Peticionarias | KLCE202400964 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: KAC2017-0370 Sala:908<br><br>Sobre: Deslinde y Amojonamiento |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**OPINIÓN DISIDENTE DE LA JUEZA RIVERA PÉREZ**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Debido a la división del panel, se sostiene la *Resolución* del Tribunal de Primera Instancia (en adelante, TPI), emitida y notificada el 5 de septiembre de 2024. Mediante dicho dictamen, se les permitió a los peticionarios presentar su perito, el Agrimensor Gilberto Rosario, sujeto a (1) que se le proveyera el *Curriculum Vitae* a los abogados de la parte recurrida en el término de veinticuatro (24) horas de recibida la *Resolución*, y (2) que el testimonio de este se circunscribiera al informe del Agrimensor Luis Sousa Gallardo, sin que variara sus conclusiones y sin que pudiera presentar un nuevo informe.

A continuación, expreso las razones por las cuales disiento y por las cuales hubiera expedido el auto de *certiorari* y revocado la *Resolución* recurrida, la cual, por estar dividido el panel, quedó inalterada.

Es importante puntualizar que, por la naturaleza de la causa de acción que nos ocupa, sobre deslinde y amojonamiento, la

utilización de los peritos es clave para que las partes puedan probar su causa de acción, así como para defenderse.

Luego de los múltiples incidentes procesales, una vez celebrada la vista de conferencia con antelación a juicio y estando pautadas las fechas de juicio en su fondo, la parte aquí peticionaria presentó, el 2 de mayo de 2024, una *Moción Informativa* al foro primario, mediante la cual le comunicó que el Agr. Sousa Gallardo, su perito, padecía de una condición de salud que no le permitía continuar como perito del caso y participar del juicio. Ante ello, la parte peticionaria le solicitó a su perito evidencia médica de su condición para entregarla al tribunal. Así las cosas, el 10 de mayo de 2024, dicha parte presentó ante el TPI la certificación médica de la condición del Agr. Sousa Gallardo, preparada por el Dr. Gregorio Cortés Maisonet.

Luego de que el foro primario les concediera tiempo a las partes para expresarse, el 14 de junio de 2024, la parte recurrida se opuso a que el Agr. Sousa Gallardo fuera sustituido, argumentando que la solicitud era tardía, ya que había finalizado el descubrimiento de prueba, y que no existía justa causa para la sustitución del perito. Además, sostuvo que la solicitud de la sustitución previa del Ing. Alvarado, así como la del Agr. Sousa Gallardo, constituían técnicas dilatorias para obtener una ventaja inapropiada en el litigio, afectando su preparación para el juicio.

El 2 de julio de 2024, el foro primario celebró una *Vista* en la que se discutió el asunto del perito. Aún sin resolverse la controversia, la parte peticionaria presentó, el 20 de agosto de 2024, una moción en la que solicitó la sustitución del Agr. Sousa Gallardo por el Agr. Gilberto Rosario.

Luego de evaluadas las comparecencias de las partes, el 26 de agosto de 2024, el TPI declaró "No Ha Lugar" la solicitud de sustitución de perito. Antes del juicio pautado, pero manteniendo

su señalamiento para los días del 9 al 12, 16 y 17 de septiembre de 2024, el TPI, *sua sponte,* mediante la *Resolución* recurrida, reconsideró su determinación con limitaciones.

Inconformes, lo peticionarios acudieron ante nosotros el 6 de septiembre de 2024, mediante *Petición de Certiorari* y *Urgente Moción en Auxilio de Jurisdicción.* En síntesis, argumentaron que, aun permitiendo la sustitución del perito, se encontraban en un estado de indefensión, dado que: (1) era de conocimiento del tribunal que dicho perito no había sido contratado, y aun así se mantuvieron las fechas de juicio, y (2) se limitó el ámbito de su testimonio.

El 9 de septiembre de 2024, el Panel declaró Ha Lugar la *Urgente Moción en Auxilio de Jurisdicción.*

Es importante puntualizar que la expedición de un recurso de *certiorari* para revisar órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Esta Regla establece que el recurso de *certiorari* "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo." *Íd.* Por excepción, la Regla 52.1 de Procedimiento Civil, *supra,* también autoriza la revisión de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos de interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[1] *Íd.* Se reconoce, "que ciertas determinaciones interlocutorias pueden afectar

---

[1] Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra,* mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010.

sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 533.

Conforme establece la Regla 52.1 de Procedimiento Civil, *supra*, "[c]ualquier otra resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia podrá ser revisada mediante el recurso de apelación que se presente contra la sentencia final dictada por el Tribunal de Primera Instancia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales."

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209, citando a *IG Builders et al. v. BBVAPR*, supra, pág. 338. En el ámbito judicial, el concepto discreción ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera." *IG Builders et al. v. BBVAPR*, supra, pág. 338; *García v. Padró*, 165 DPR 324, 334-335 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

El Tribunal Supremo ha señalado que la discreción del Tribunal de Apelaciones para expedir un auto de *certiorari* no debe ejercerse de manera aislada en abstracción del resto del Derecho. *Íd*. En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que el Tribunal de Apelaciones deberá tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

"El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo anterior implica que la determinación de expedición del auto de *certiorari* deber ser evaluada en el contexto de todos los derechos aplicables y bajo las pautas específicas que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, proporciona.

Por otra parte, en cuanto a la figura del *perito*, el Tribunal Supremo ha indicado que se trata de "una persona que, a través de la educación o experiencia, ha desarrollado un conocimiento o destreza sobre una materia de manera que puede formar una opinión que sirva de ayuda al juzgador". *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 338 (2010) (citando a Black's Law Dictionary, 8va ed., Minnesota, Ed. Thomson West, 2004, pág. 619). En ese sentido, "[c]omo cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023) (citando a *San Lorenzo Trad., Inc. v. Hernández*, 114 DPR 704, 709-710 (1983). Cónsono con lo anterior, debemos recordar que el derecho a presentar prueba en apoyo de una reclamación constituye uno de los ejes centrales del debido proceso de ley. *Íd.,* (citando a *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998).

De la evaluación del expediente, surge que la *Resolución* recurrida es revisable al palio de las disposiciones de la Regla 52.1 de Procedimiento Civil de 2009, *supra*, por tratarse de una decisión sobre la admisibilidad de peritos esenciales. Además, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, la etapa procesal del caso es la más propicia para su consideración, debido a que el foro primario ha colocado a los peticionarios en un estado de indefensión. Aunque la expedición del auto del *certiorari* retrasaría el juicio, evitaría un fracaso a la justicia, pues los peticionarios tendrían que enfrentar el juicio en desventaja, dado que su nuevo perito solo podrá declarar sobre las conclusiones y el trabajo del perito original, quien tuvo que ser sustituido por razones de salud.

En conclusión, considero que el Tribunal de Primera Instancia incurrió en abuso de discreción al limitar la participación del nuevo perito a los hallazgos del agrimensor sustituido. La negativa del foro primario a permitir que el nuevo perito presentara un informe independiente, pese a la incapacidad médica del agrimensor original, colocó a los peticionarios en una clara situación de indefensión, privándolos de la oportunidad de presentar una defensa adecuada. En un litigio de deslinde y amojonamiento, donde la prueba pericial es crucial, esta restricción resulta injusta y contraria al debido proceso de ley.

Por tanto, hubiera expedido el auto de *certiorari* solicitado y revocado la determinación del foro primario, permitiendo al nuevo perito ejercer plenamente su función y garantizar así un juicio justo para ambas partes.

Camille Rivera Pérez
Jueza de Apelaciones